United States District Court
Southern District of Texas
**ENTERED**
February 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Patrick Guillory, § § § *Plaintiff,* § § § v. § § Denny's, § § § *Defendant.* § | Civil Action No. 4:24-cv-04099 |

## MEMORANDUM AND RECOMMENDATION AND ORDER

On January 16, 2024, Plaintiff Patrick Guillory filed a motion for default judgment, invoking Fed. R. Civ. P. 55. Dkt. 11. Guillory asserts that Defendant Denny's has not appeared after being served with a copy of the summons and the complaint. *See id.* at 2. Relatedly, Guillory submitted a document requesting that Court direct the U.S. Marshals to serve his motion for default judgment on Denny's because personnel at a specific Denny's establishment blocked his communications and called the police when he attempted to serve the motion in person. Dkt. 15. Guillory also filed a motion requesting to appear in person at the initial conference, currently set for February 21, 2025. Dkt. 16.

As explained below, because Guillory has not adequately proved that he properly served Denny's with the summons and complaint, his request for

default judgment should be denied. But the Court grants Guillory additional time to effectuate service, reschedules the initial conference, and grants his request to hold the conference in person. Guillory's further request for the U.S. Marshals to serve his motion for default judgment is denied as moot.

## Analysis

### I. Guillory is not entitled to default judgment because the record does not show that Denny's was properly served.

Guillory's lack of proof that Denny's was properly served forecloses his request for default judgment. But as noted below, Guillory is granted additional time to effectuate proper service of process.

Default proceedings involve three steps: default, entry of default, and default judgment. *See* Fed. R. Civ. P. 55. A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "An entry of default is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Axcess Global Sciences, LLC v. Ozcan Grp., Inc.*, 2024 WL 3259700, at *1 (S.D. Tex. July 1, 2024). A plaintiff can then apply for a default judgment under Rule 55(b)(2). *See id.*

District courts have discretion to determine whether entry of default judgment is warranted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

2

But the Fifth Circuit instructs that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). A plaintiff "is not entitled to a default judgment as a matter of right," even if the defendant "is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Moreover, a plaintiff cannot obtain a default judgment until the complaint and summons were properly served. *See Roor Int'l v. A1 Smoke Shop Inc.*, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019), *adopted by* 2019 WL 6330483 (S.D. Tex. Nov. 25, 2019). Without proof of proper service, default judgment is procedurally improper and must be denied. *See Prince v. Jaworowski*, 2024 WL 4645067, at *1 (S.D. Tex. Oct. 17, 2024), *adopted by* 2024 WL 4647716 (S.D. Tex. Oct. 31, 2024).

Here, the clerk has yet to enter a default. But even if default had been entered, Guillory still would not be entitled to a default judgment because his proof of service is deficient.

Public records reflect that Denny's is a Delaware corporation with its principal place of business in South Carolina.[1] One way to serve a corporation

---

[1] *See* Form 8-K, Denny's Corporation (January 13, 2025), *available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-0000852772/f67bc85a-0b2c-4af2-9c3c-

3

(or other business entity) is by delivery "to an officer, a managing or general agent, or any other *agent authorized by appointment or by law to receive service of process.*" Fed. R. Civ. P. 4(h)(1)(A) (emphasis added). Delivery of the summons and complaint "to a *purported* agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service." *Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (per curiam) (emphasis added); *see also Fyfee v. Bumbo Ltd.*, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) (quoting this principle and finding no proof that an authorized agent of the corporation was served).

Alternatively, a corporation or other entity can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). That provision incorporates state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Like federal law, Texas law requires proof that the person who served "was in fact" the entity's registered agent or was "otherwise authorized to accept service" on the entity's behalf. *See Tubo Rests., LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 495, 499 (Tex. App.—El Paso 2022, no pet.) (addressing service on a corporation); *see also, e.g., Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen.*

---

d1875415392a.pdf (last visited Feb. 5, 2025). *See also* Denny's Corporation, State of Delaware, Department of State: Division of Corporations, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited Feb. 5, 2025).

4

*Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App—Houston [1st Dist.] 2001, pet. denied) (reversing default judgment because there was no showing that the individual who was served "is in fact the [defendant corporation's] registered agent for service of process").

In this case, the return of service indicates that the complaint and summons were served on "Alan Tran (General Manager)" of a Denny's location at 12697 North Gessner, Houston, Texas 77064.  Dkt. 5.  But there is no indication that Denny's designated or authorized Mr. Tran to accept service on Denny's behalf.[2]  And even if the specific Denny's location were independently owned or operated by some other business entity—which nothing in the record addresses—Guillory proffers no evidence suggesting that Mr. Tran is the authorized agent for service of process on that entity.  Without the requisite proof that the summons and complaint were duly served on someone with authority to accept service for Denny's, Guillory cannot meet his burden to show that he is entitled to default judgment.

At this point, more than 90 days have elapsed since Guillory filed his complaint.  Yet the record does not show that Denny's has been properly served, which would authorize this Court to dismiss Guillory's claims.  *See* Fed.

---

[2] To the contrary, a public records search on the Texas Secretary of State's website lists the agent for service of process for Denny's, Inc. as CT Corporation System; 1999 Bryan Street, Suite 900; Dallas, TX 75201-3136.

5

R. Civ. P. 4(m). Nevertheless, there is reason to believe that Guillory can effectuate proper service of process if granted more time to do so. The Court therefore grants Guillory until **March 10, 2025** to file proof of proper service in record of this case.

## II.    Other matters

Because Guillory is not entitled to default judgment, his request to have the U.S. Marshals serve the motion seeking default judgment is denied as moot. Nevertheless, Guillory is advised to review Rule 5 of the Federal Rules of Civil Procedure, which specifies multiple avenues for serving filings, requests, and other documents on an opposing party.[3] The rules governing formal service of process, including by U.S. Marshal, apply solely to service of the complaint and summons, and not to other filings in the case. *See* Fed. R. Civ. P. 4(c).

Guillory's failure to properly serve Denny's with the summons and complaint affects the initial conference, currently set for February 21, 2025. *See* Dkt. 8, 9. Because the Court is granting Guillory additional time to effectuate service of process, the initial conference is hereby rescheduled for March 28, 2025 at 11:00 a.m., as specified below. Guillory's request to appear

---

[3] More broadly, Guillory is reminded all parties, even those without attorneys, must comply with the Federal Rules of Civil Procedure, the local rules of this Court, and the undersigned judge's procedures. All these rules are available on the Court's website: https://www.txs.uscourts.gov/page/district-court.

6

in person at the conference (Dkt. 16) is granted.  Guillory must carefully review the order specifying the requirements for that conference, including the submission of a joint discovery case management plan at least ten days before the conference.  *See* Dkt. 3.

## Order and Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Patrick Guillory's motion for default judgment (Dkt. 11) be **DENIED**.

It is **ORDERED** that Guillory's request for U.S. Marshals' service (Dkt. 15) of his motion for default judgment is **DENIED AS MOOT**.

It is further **ORDERED** that Guillory must file proof that he has properly effectuated service of the summons and complaint on Defendant Denny's by **March 10, 2025**.  **Failure to do so may result in dismissal of this case**.

It is further **ORDERED** that the initial conference (Dkt. 8, 9) is hereby **RESCHEDULED** for **March 28, 2025 at 11:00 a.m.**  Guillory's request to appear in person (Dkt. 16) is **GRANTED.**  The initial conference will take place at the following location:

**Bob Casey Federal Courthouse**
**515 Rusk Street, 7th Floor**
**Courtroom 704**

The Clerk of Court is directed to send a copy of this filing by email and regular mail to Guillory's addresses of record. *See* Dkt. 1 (email address); Dkt. 12 (new mailing address).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 5, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge